ROBERT A. LENHART, APPELLEE, V. MAX L. WOLFSON, APPELLANT.

FILED MARCH 4, 1916. No. 18592.

Landlord and Tenant: ACTION FOR RENT: EVIDENCE. The record examined, its substance set out in the opinion, and *held* that under the pleadings and evidence the verdict returned by the jury is the only verdict that could have been sustained.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Weaver & Giller,* for appellant.

*I. J. Dunn, contra.*

FAWCETT, J.

From a judgment of the district court for Douglas county, in favor of plaintiff, for a balance due for rent of a store building in the city of Omaha, defendant appeals.

The petition alleges the leasing to defendant for one year of certain real estate known as 922 and 924 North Sixteenth street, in the city of Omaha, at an agreed rental of $90 a month, payable monthly in advance; that defendant is in arrears for the last four months of the period covered by the lease. A copy of the written lease is attached and made a part of the petition. It shows that it was entered into May 29, 1911, for one year, beginning June 1, 1911. The answer admits that defendant entered into possession of the premises under the lease, for the stipulated rental, and payable in advance on the first of each month, as alleged in the petition. Further answering, defendant alleges that after the execution of the lease, and in the month of November, 1911, plaintiff and defendant, by mutual consent and agreement, terminated the lease, and defendant was thereby released from the obligations thereof, and all the rights and privileges thereunder were assigned by defendant, with plaintiff's knowledge, consent and acquiescence, to one Miller, who became thereunder the tenant of plaintiff; that plaintiff thereafter collected and received rents from Miller for the premises under the lease, and fully recognized and accepted Miller as his tenant thereunder. For reply plaintiff denies all of the allegations in the answer, except that plaintiff consented to Miller's occupying the premises as a subtenant of the defendant, and that plaintiff received some rent from Miller.

Two errors are relied upon for reversal: (1) That the court erred in giving instruction No. 2; (2) error in refusing to allow defendant to show that one Shaw was plain-

tiff's agent and had charge of the collection of the rents and the management of the property in controversy.

It is not disputed that no rent was paid to plaintiff for the last four months of the year covered by the lease. The record shows that in November, 1911, defendant, who was engaged in the mercantile business in the leased premises, sold his business to one Miller. His contention is that at the time he made that sale plaintiff orally agreed to take Miller as his tenant and release defendant; that on the 14th of that month he gave plaintiff a check, and indorsed on the back thereof the following: "This check is in full payment and settlement for rent and cancel of lease on said building." Under that indorsement appears the signature of plaintiff. Defendant testifies that this indorsement was on the back of the check when he delivered it to plaintiff. This plaintiff denies. Plaintiff denies that he ever released or agreed to release defendant, but that, on the contrary, he told him he would not release him, for the reason that he knew nothing about Miller, but knew that defendant was good. It further appears that later on Miller sold his stock of groceries and had them taken out of the building; that when he did so defendant attached the goods and instructed the constable to put them back in the building; that in suing out the attachment defendant filed an affidavit in which he stated that the sum of $180 was due him from Miller for rent of the premises in controversy; that the claim was just, and that he was entitled to recover the same. The summons commanded Miller to appear at the time stated therein to answer to the action of M. L. Wolfson (defendant), "who sues to recover $180 for rent of 922 and 924 North Sixteenth street." Miller was called as a witness for plaintiff, and testified that defendant told him in November, 1911, that Mr. Burnett would collect the rent; that both defendant and Burnett demanded the rent from him for February and March, 1912; that defendant demanded the rent from him a number of times in March, 1912; that at the trial in justice court defendant testified that Miller was

indebted to him for rent in the sum of $180. Mr. Yale C. Holland was called as a witness, and testified that he was attorney for Miller in the litigation in justice court, and that at that trial defendant testified that Miller was indebted to him in the sum of $180 for rent. A number of affidavits used in the justice court were introduced in evidence, in all of which defendant swore that Miller was indebted to him for $180 rent of the premises in controversy. Defendant now seeks to escape the consequences of this assertion by him of his rights under the lease several months after the date when he claims it had been canceled, by offering to show that one Shaw was the agent of plaintiff for the collection of the rents of these premises, and that he brought the attachment suit in the justice court at the request of Shaw, for the purpose of protecting the rights of plaintiff. Shaw had departed this life prior to the time of trial. The trial court refused to permit this proof, and by instruction No. 2 instructed the jury that the only issuable fact in the case for their consideration was, "was the lease terminated by the mutual consent of the plaintiff and the defendant in November, 1911. If the said lease was terminated at that time by the mutual consent of the said parties, then plaintiff cannot recover; but, if it was not terminated, then the plaintiff would be entitled to recover the sum of $360 and interest." As before stated, the giving of this instruction and the refusal of the court to allow defendant to show that Shaw was plaintiff's agent and had charge of the collection of the rents and management of the property in controversy are the grounds of defendant's claim for reversal. We do not think the court committed error in either instance. Under the pleadings of the parties the only question was the one which the court submitted under instruction No. 2. The proffered evidence as to Shaw was properly refused for two reasons: (1) Even if it were shown that Shaw was the agent of plaintiff for the collection of the rents and management of the property, that would not authorize him to bind plaintiff by an arrangement with a third party to institute

an action in such party's own name for the benefit of his principal. Special authority to do anything of that kind would have to be shown. (2) To have permitted this line of proof would have been to permit the defendant to convict himself of perjury in the execution of a number of affidavits and in his testimony given on the trial in the justice court, would have permitted him now to take a position directly at variance with the position he then took and sought to sustain in a court of justice.

The record in this case, viewed from any standpoint, shows that the verdict returned by the jury was the only verdict which could have been sustained.

AFFIRMED.